IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL GRAFF, Individually, and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br><br>FRESHDIRECT, INC.<br><br>Defendant | Case No:<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

COMES NOW, Plaintiff Rachel Graff ("Plaintiff" or "Graff") on behalf of herself and all others similarly situated, by and through undersigned counsel, and hereby files this class action complaint against Defendant FreshDirect, Inc., ("Defendant" or "FreshDirect") and states to the Court as follows:

### **INTRODUCTION**

1. Graff is a blind person. Graff brings this complaint, on her own behalf and on behalf of other blind individuals, against FreshDirect, for failing to design, construct, and operate a website that is fully accessible to the blind.

2. Plaintiff uses the terms "blind person," "blind people," and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

3.     Like sighted persons, the blind use the Internet as a place for everyday activities, such as shopping.  As the Internet offers a means to purchase items without having to leave one's home (a difficult task for many blind people), the ability to purchase goods and services on the Internet is actually more valuable to a blind person than to a sighted one.

4.     There are assistive devices for the blind, such as screen readers, which enable blind people to use a website.  Rendering a website compatible with assistive devices for the blind is relatively straightforward, and requires little to no investment by a website operator.

5.     FreshDirect's website, Freshdirect.com, has many access barriers which prevent blind people like Graff from independently navigating the site and using assistive computer technology to complete their purchase.

6.     Instead, Graff and other blind people must rely upon sighted friends to assist them in making their purchases on Freshdirect.com, or must call-in to FreshDirect, a time consuming process that negates entirely the benefits of shopping and browsing online.

7.     Often, the blind are threatened with an extra fee by FreshDirect because they placed their order over the phone, and must request that the fee be waived.

8.     Plaintiff brings her claim under Title III of the Americans with Disabilities Act ("ADA"), under the New York Human Rights Law, N.Y. Exec. Law §292 *et. seq.*, and under NYC Administrative Code § 8-102 *et. seq.* and seeks declaratory and injunctive relief, requiring FreshDirect to remove accessibility barriers on Freshdirect.com so that Plaintiff and the proposed Class (as defined below) will be able to independently and privately use FreshDirect's website. The complaint also seeks compensatory damages to compensate Plaintiff and members of a Subclass (as defined below) for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1343, and 42. U.S.C. §12188, for Plaintiff's claims and those of the Class arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*

10. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the acts or omissions giving rise to Plaintiff's claims and those of the Class have occurred in this District.

## PARTIES

11. Plaintiff Rachel Graff is a fully blind individual who resides in New York City. Graff wishes to use Freshdirect.com to shop for groceries online, but is unable to do so because Freshdirect.com existing barrier of being inaccessible to assistive devices used by the blind

12. Defendant FreshDirect, Inc. is a Delaware corporation with its principal place of business at 23-30 Borden Avenue, Long Island City, NY 11101.

## CLASS ACTION ALLEGATIONS

13. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following class (the "Class") pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all blind individuals in the United States who have attempted to access Freshdirect.com and as a result have been denied access to the enjoyment of goods and services offered by FreshDirect, during the relevant statutory period."

14. Plaintiff seeks certification of the following New York subclass (the "Subclass") pursuant to Rules 23(a) and 23(b)(2), and alternatively, 23(b)(3) of the Federal Rules of Civil Procedure: "all blind individuals in New York State who have attempted to access

Freshdirect.com and as a result have been denied access to the enjoyment of good and services offered by FreshDirect, during the relevant statutory period."

15. The Class is so numerous and geographically dispersed that joinder of all members is impracticable. While Plaintiff does not know the precise number and identity of all members of the Class, Plaintiff believes that there are hundreds of Class Members.

16. This case arises out of Defendant's policy and practice of maintaining an inaccessible website which denies blind persons access to the goods and services of Freshdirect.com. Due to FreshDirect's policy and practice of placing barriers that block website access, the blind have been, and continue to be, denied full and equal access to independently browse, select, and shop on Freshdirect.com.

17. There are questions of law and fact common to the Class, including without limitation, the following:

   a. Whether Freshdirect.com is a "public accommodation" under the ADA;

   b. Whether Freshdirect.com is a "public accommodation" under New York State law;

   c. Whether Freshdirect.com is a "public accommodation" under New York City law;

   d. Whether FreshDirect denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA;

   e. Whether FreshDirect denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of New York State law;

    f.   Whether FreshDirect denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of New York City law.

18.    The claims of the named Plaintiff are typical of those of the Class and Subclass. The Class and Subclass, similar to Plaintiff, are blind individuals, and claim that FreshDirect has violated the ADA and the laws of New York State and City by failing to remove access barriers on their website, Freshdirect.com, so that it can be independently accessible to a class of people who are legally blind.

19.    Plaintiff will fairly and adequately protect the interests of the members of the Class and Subclass, and Plaintiff's interests are coincident with, and not antagonistic to, other members of the Class and Subclass. In addition, Plaintiff has retained and is represented by counsel who are competent and experienced in the prosecution of class action litigation.

20.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class and Subclass are readily definable. Prosecution as a class action will eliminate the possibility of repetitious litigation and treatment of this case as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. This class action does not present any difficulties of management that would preclude its maintenance as a class action.

## **FACTUAL ALLEGATIONS**

21.    The Internet has become a ubiquitous fixture of modern life. Both sighted and blind people persons use the Internet to research, for entertainment, and to shop.

22.     For the blind, the Internet is especially important, as it allows them to procure goods and services without having to leave home, an exceedingly difficult task for many blind persons.

23.     The blind access the Internet from personal computers or mobile devices by using keyboards or touch-screen gestures in conjunction with screen access software, which vocalizes textual information presented visually on a computer screen or displays that information on a refreshable braille displays.  Such software provides the only means by which all blind people can independently access the Internet.  When websites are not designed to allow for use with screen access software, blind persons are unable to access fully the information, products, and services offered through the Internet.

24.     FreshDirect operates an online grocery store that delivers food and other goods to residences and offices in the greater New York City metropolitan area.  FreshDirect also operates in the Philadelphia metropolitan area.

25.     FreshDirect customers log in to an online account, and select their items for purchase, which are placed in a virtual shopping cart. Customers pay for this items upon checkout, and arrange for a delivery time.

26.     FreshDirect's website uses a visual interface that renders it inaccessible to the assistive devices used by the blind.  Users are unable to read item descriptions and review nutrition and ingredient information, unable to click through to associated screens, unable to identify the navigation tools on the screen, and can only determine what items have been added to their cart with difficulty.

27.     Using Freshdirect.com in conjunction with screen access software is a cumbersome and time-consuming effort.

28.     Freshdirect.com is not programmed to be accessible through screen access software, and FreshDirect is denying blind people access to all of the services, privileges, advantages and accommodations that FreshDirect offers to sighted individuals.

29.     There are well-established guidelines for making websites accessible to the assistive devices used by the blind, which have been widely available for several years. The guidelines have been used by other large retailers to make their websites accessible. Guidelines include the Web Accessibility Initiative (WAI) a project of the World Wide Web Consortium, and federal government guidelines prepared by the federal government pursuant to Section 508 of the Rehabilitation Act of 1973.

30.     These guidelines recommend several basic and straightforward steps to make websites accessible to all users, such as adding alternative text ("alt-text") to graphics, keyboard functionality, and the use of online forms that are accessible to screen readers.

31.     Alt-text is invisible code embedded behind a graphical image on a website. Using alt-text with a picture means that a screen reader can speak the alternative text while a sighted user sees the picture.  Alt-text does not modify the visual presentation of a website, except that the text appears when the mouse moves over a picture. Pictures throughout freshdirect.com lack an alt-text equivalent, meaning that screen readers cannot detect and vocalize a description of the image to a blind computer user.

32.     Freshdirect.com also requires a mouse to complete a transaction.  Blind users cannot use a mouse to navigate a website because they cannot see the mouse pointers.  Websites accessible to the blind allow users to navigate by using their keyboards.

33.     Online forms include search fields to locate products, and forms that allow for the input of credit card and address information, special instructions for delivery personnel, and

quantity information. Freshdirect.com lacks prompting information that allows blind users to fill out these online forms through their screen readers.

34. Graff has repeatedly advised FreshDirect that its website is not accessible to the blind, but to no avail.

35. These barriers to access have denied Plaintiff and the Class and Subclass full and equal access to, and the enjoyment of, the goods, benefits, and services of Freshdirect.com

36. By constructing and maintaining a website that is inaccessible to the blind, FreshDirect has engaged in acts of intentional discrimination.

## COUNT ONE

**Violation of Title III of the Americans with Disabilities Act, 42 USC §§ 12181, *et. seq***
**(on behalf of Plaintiff and the Class)**

37. Plaintiff incorporates and restates the allegations of paragraphs 1 through 36 as if fully set forth herein.

38. Title III of the Americans with Disabilities Act of 1990. 42 U.S.C. § 12182(a) states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any persons who owns, leases (or leases to), or operates a place of public accommodation."

39. Plaintiff and the members of the Class are legally blind and, as such, are qualified individuals with disabilities under the ADA.

40. Freshdirect.com is a place of public accommodation as defined by the ADA because it is a "sales or rental establishment." 42. U.S.C. § 12181(7).

41. Under the ADA it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the

goods, services, facilities, privileges, advantages, or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(II).

42. The ADA prohibits unlawful discrimination including, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. §12182(b)(2)(A)(II).

43. The ADA further requires business to "take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. §12182(b)(2)(A)(III).

44. Plaintiff and other members of the Class cannot access FreshDirect's website. FreshDirect's website contains barriers that prevent full and equal use by blind persons, including Plaintiff, using screen access software.

45. FreshDirect's website denies blind users full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations that FreshDirect makes available to the sighted public.

46. FreshDirect has refused to modify its website to make it equally accessible to the members of the Class.

47.     The required modifications to Freshdirect.com are relatively straightforward and basic, and would not require any undue burden on FreshDirect, nor fundamentally alter the nature of FreshDirect's business.

48.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et. seq.*, in that the blind patrons of FreshDirect have been denied full and equal access to Freshdirect.com.

49.     Unless the Court enjoins FreshDirect from continuing to engage in these unlawful practices, Plaintiff and the Class will continue to suffer irreparable harm. Graff seeks injunctive relief on behalf of herself and the Class to remedy the discrimination.

50.     Plaintiff is also entitled to, and seeks, reasonable attorneys' fees and costs.

## COUNT TWO

**Violation of the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 292,** *et. seq.***)**
**(on behalf of Plaintiff and the Subclass)**

51.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 36 as if fully set forth herein.

52.     The New York Human Rights Law, N.Y. Exec Law 296(2)(a) states that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…" due to their disability.

53.     Freshdirect.com is a place of public accommodation.

54. FreshDirect is subject to the New York Human Rights Law because it operates in New York State.

55. FreshDirect has violated the Human Rights Law by refusing to make Freshdirect.com accessible to the blind. This inaccessibility denies blind persons full and equal access to the facilities, goods and services that Defendants make available to the non-disabled public.

56. N.Y. Exec. Law §296(2)(c)(1), prohibits unlawful discriminatory practices, including "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

57. Further, N.Y. Exec. Law § 296(2)(c)(II) unlawful discriminatory practices include "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

58. The required modifications to Freshdirect.com are relatively straightforward and basic, and would not require any undue burden on FreshDirect, nor fundamentally alter the nature of FreshDirect's business.

59. FreshDirect's actions constitute a willful intentional discrimination against the Subclass, in violation of the New York Human Rights Law.

60. Unless the Court enjoins FreshDirect from continuing to engage in these unlawful practices, Plaintiff and the Class will continue to suffer irreparable harm. Graff seeks injunctive relief on behalf of herself and the Subclass to remedy the discrimination.

61. Plaintiff is also entitled to, and seeks, reasonable attorneys' fees and costs.

62. Plaintiff and the Subclass are also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exec. Law. § 297(4)(c), *et. seq.* for each and every offense.

### COUNT THREE

**Violation of the New York City Human Rights Law, N.Y.C. Administrative Code § 8-102,** *et. seq.*
**(on behalf of Plaintiff and the Subclass)**

63. Plaintiff incorporates and restates the allegations of paragraphs 1 through 36 as if fully set forth herein.

64. The New York City Human Rights Law, N.Y.C. Administrative Code § 8-107(4)(a) holds that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…" due to their disability.

65. Freshdirect.com is a place of public accommodation.

66. FreshDirect is subject to the New York City Human Rights Law because it operates in New York City.

67. FreshDirect has violated the New York City Human Rights Law by refusing to make Freshdirect.com accessible to the blind. This inaccessibility denies blind persons full and

equal access to the facilities, goods and services that Defendants make available to the non-disabled public.

68. Under N.Y.C. Administrative Code § 8-102 *et. seq.,* Fresh Direct is required to make reasonable modifications to afford access to individuals with disabilities, including Plaintiff and the members of the Subclass.

69. The required modifications to Freshdirect.com are relatively straightforward and basic, and would not require any undue burden on FreshDirect, nor fundamentally alter the nature of FreshDirect's business.

70. FreshDirect's actions constitute a willful and intentional discrimination against the Subclass, in violation of New York City law.

71. Unless the Court enjoins FreshDirect from continuing to engage in these unlawful practices, Plaintiff and the Class will continue to suffer irreparable harm.

72. The actions of FreshDirect are in violation of the New York City Human Rights Law, and Graff seeks injunctive relief on behalf of herself and the Subclass to remedy the discrimination.

73. Plaintiff is also entitled to and seeks reasonable attorneys' fees and costs.

74. Plaintiff and the Subclass are also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y.C. Administrative Code § 8-102 *et. seq.* for each and every offense.

WHEREFORE, Plaintiff prays for judgement as set forth below:

A. A preliminary and permanent injunction requiring FreshDirect to take all steps necessary to make its website, Freshdirect.com, fully accessible to the blind;

B. A preliminary and permanent injunction to prohibit FreshDirect from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et. seq.*, N.Y. Exec. Law § 296, and N.Y.C. Administrative Code § 8-102 *et. seq.*;

C. A declaration that FreshDirect has violated the Americans with Disabilities Act, 42 U.S.C. § 12182, *et. seq.*, N.Y. Exec. Law § 296, and N.Y.C. Administrative Code § 8-102 *et. seq.*;

D. An order certifying this case as a class action under Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3); an appointing Plaintiff as representative of the Class and Subclass, and Plaintiff's chosen counsel as Class Counsel;

E. Compensatory damages in an amount to be proven at trial;

F. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

G. Pre- and post- judgment interest to the extent permitted by law;

H. Such other and further relief as this Court deems just and proper under the circumstances.

DATED:  New York, New York
        October 17, 2016

**NEWMAN FERRARA LLP**

By: /s/ *Lucas Ferrara*
Lucas A. Ferrara
Roger Sachar *pro hac to be filed*
1250 Broadway, 27th Floor
New York, New York 10001
T: (212) 619-5400
F: (212) 619-3090
lferrara@nfllp.com
rsachar@nfllp.com

Bradly G. Marks,
The Marks Law Firm, P.C
175 Varick Street, 3rd Fl.
New York, NY 10014
T: (646) 770-3775
F: (646) 867-2369
bmarkslaw@gmail.com