

EPSTEIN
BECKER
GREEN
Attorneys at Law

Joshua A. Stein
t 212.351.4660
f 212.878.8600
jstein@ebglaw.com

<u>**VIA ECF**</u>                                             February 6, 2017

Honorable Loretta A. Preska
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Rachel Graff, Individually, and on behalf of all other similarly situated v.*
      *FreshDirect, Inc.*, Case No.: 16-cv-08099 (LAP)(HBP)

Dear Judge Preska:

Defendant Fresh Direct Holdings, Inc. ("FreshDirect") submits this response to Plaintiff's opposition letter of February 3, 2017 and in further support of its initial February 1, 2017 request for a pre-motion conference in anticipation of moving to stay this action pending the completion of its remediation efforts as required by the Settlement Agreement and annexed Website Accessibility Policy attached to our initial letter (collectively "Agreement").

**Plaintiff Concedes That the Agreement Provides For the Relief Requested in the Complaint and Fails to Provide Any Reason That FreshDirect's Application Should Be Denied**

Plaintiff's response to FreshDirect's letter fails to provide *any* legal authority to support her claim that the instant application should be denied and merely relies on unwarranted accusations and misrepresented facts. Plaintiff's opposition fails to show that any of the factors to be considered by this Court in determining whether a stay should be granted weigh in favor of denial. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99, n. 13 (2d Cir. 2012).

It is highly significant that Plaintiff does not claim that the Agreement or the relief that it provides are deficient in any regard; instead, she admits that the relief provided was sanctioned by her attorneys. (*See* Plaintiff's Opposition at p. 2). Accordingly, Plaintiff is unable to plausibly contend that she will be prejudiced if a stay is granted to allow FreshDirect to continue its remediation efforts, and she does not present any substantive arguments in support of this claim. Plaintiff does not deny that she will receive exactly what she seeks in the Complaint, and as such, even if a class is certified, its members will not be provided with any further relief; the Agreement requires FreshDirect's websites and mobile applications to be fully accessible to *all* individuals with disabilities, which benefits persons not party to the litigation, and the public at large.[1]   Litigating, rather than allowing FreshDirect to focus its resources on achieving

---

[1] While the Complaint only sought remediation of FreshDirect's website FreshDirect.com for individuals who are blind, the Agreement provides for remediation of FreshDirect.com, Foodkick.com and FreshDirect's mobile applications for all individuals with disabilities, not just persons with visual impairments.

compliance would be to the public's detriment, especially to those individuals with disabilities. Moreover, a diversion of resources to litigation would diminish the possibility that Plaintiff will expeditiously receive the accessibility relief that she requests, which FreshDirect is actively working to provide.

Additionally, the interests of the Court weigh in favor of granting a stay. In *Gropper*, the court held that where there will be changes to the premises that are material to the issues raised in the litigation, continuing the litigation "may lead to inefficiencies . . . that would cause an unnecessary drain on this Court's resources." *Gropper v. Fine Arts Hous. Inc.*, 12 F. Supp. 3d 664, 673 (S.D.N.Y. 2014).[2] Here, FreshDirect is already in the process of enhancing the accessibility of *all* of its websites, and such changes are material to *all* issues raised in the Complaint. When FreshDirect achieves compliance, as the Agreement obligates it, all issues and questions of law in the instant action will be significantly narrowed, if not fully resolved. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Finally, Plaintiff's private interest in seeking monetary compensation and her attorney's interest in seeking fees simply do not outweigh the interests of the public, this Court and FreshDirect in avoiding an unnecessary expenditure of resources. *See Larkin v. Winn- Dixie Stores, Inc.*, 2015 U.S. Dist. LEXIS 96198, at *6 (M.D. Fla. 2015). While Plaintiff falsely claims that FreshDirect and its counsel engaged in "deception," the email attached as Exhibit 1 to her letter, in purported support of this claim, evidences what FreshDirect said in its request for a pre-motion conference; FreshDirect had been working to ensure that its websites provided individuals with disabilities with a shop-able experience for over a year before Diaz's counsel or Plaintiff's counsel raised any issues of website accessibility, and when FreshDirect received both complaints, it engaged in good faith settlement negotiations with both parties, while continuing to work to achieve enhanced online accessibility. (*See* Defendant's Letter at pp.1-2). While FreshDirect and Plaintiff's counsel had reached an Agreement in principle on website enhancements, the parties were unable to come to an agreement about Plaintiff's counsel's fee demand. "[T]he prospect that Plaintiff may not be awarded attorney fees in this action . . . simply does not outweigh the substantial interests of the Defendant, the public and this Court in avoiding duplicative litigation efforts and unnecessary expenditure of resources." *Larkin, supra*.

Accordingly, FreshDirect respectfully requests a pre-motion conference and permission to move to stay this action pending the completion of its remediation efforts as required by the Agreement, and that the Court extend its time to respond to the Complaint until a reasonable amount of time after the Court rules on its proposed motion to stay.

Respectfully,

Joshua A. Stein

---

[2] Contrary to Plaintiff's claim in Footnote 4, the *Gropper* holding is applicable here, and has been relied upon by courts in the Southern District in staying cases where defendant was in the process of working toward compliance, and sought to avoid having to simultaneously expend substantial resources litigating. *See Range v. 480-486 Broadway, LLC*, 1:14-cv-02447 (LAK), ECF Docket No. 30-1 at p. 2 (transcript of conference in which the court granted defendant's application for a stay citing *Gropper*).

cc:    Bradly G. Marks, Esq. (via ECF)
       Lucas A. Ferrara, Esq. (via ECF)